UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

LEONARDO KOBRYNIEC, Case No.: 19-13003-RBR

Debtor. Chapter 13
_______________________________________/

**MOTION (I) TO DISMISS CASE; OR (II) IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY TO PURSUE *IN REM* REMEDIES AGAINST REAL PROPERTY**

HSD Holdings, Inc. ("HSD"), pursuant to 11 U.S.C. §§ 109(e), 362, 1301 and 1307, requests that the Court (i) dismiss this case because the debtor is ineligible for chapter 13 relief or, (ii) in the alternative, grants HSD stay relief to pursue *in rem* remedies against certain real property. In support of these requests HSD states:

**BACKGROUND**

1. Leonardo Kobryniec (the "Debtor"), along with non-debtor, Sylvia Kobryniec ("Mrs. Kobryniec" and, together with the Debtor, the "Kobryniecs"), owns real property located at 11203 N.W. 9th Street, Plantation, FL 33325 with the following legal description:

> Lot 1, of the Polo Club Estates, According to the Map or Plat Thereof, as Recorded in Plat Book 163, Page 7, Public Records of Broward County, Florida.

The foregoing property shall be referred to as the "Real Property" or "Property".

2. HSD filed a foreclosure lawsuit in the Circuit Court of Broward County, Florida, Case No. CACE 18-007563 (11), on March 30, 2018, against the Kobryniecs after defaults under various loan documents.

3. On December 11, 2018 the Circuit Court entered a consent summary final judgment of foreclosure (the "Consent Judgment") in favor of HSD and against the Kobryniecs. Among

other things, the Consent Judgment finds the Kobryniecs liable to HSD in the amount of $1,273,754.71, and schedules a foreclosure sale of the Property for March 12, 2019. A copy of the Consent Judgment is attached as **EXHIBIT "A"**.

4. The Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on March 7, 2019, less than a week prior to the foreclosure sale.

5. The fair market value of the Property exceeds $1.5 million. A printout from the Broward County Property Appraiser reflecting a 2018 fair market value of $1,448,200.00, and a 2019 fair market value of $1,508,960.00, for the Property is attached as **EXHIBIT "B"**.

6. The debt owed to HSD, let alone any other debts that the Debtor may owe, exceeds the statutory cap for chapter 13 eligibility, and this case was filed in bad faith less than one week prior to a foreclosure sale scheduled in a consent judgment. The Court should dismiss the case, or, in the alternative, grant HSD stay relief to pursue *in rem* remedies against the Property.

## LEGAL ARGUMENT

### I. THE CASE SHOULD BE DISMISSED BECAUSE THE DEBTOR IS NOT ELIGIBLE FOR CHAPTER 13 RELIEF.

Section 109 of the Bankruptcy Code governs who may be a debtor. More specifically, § 109(e) states, "Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200…may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e). An individual with debts exceeding those caps is barred as a matter of law from proceeding as a chapter 13 debtor—his case must either be dismissed or converted to chapter 7. *In re Pratola*, 589 B.R. 779, 787 (N.D. Ill. 2018).

There is no dispute that the Debtor owes debts in excess of the § 109(e) cap. Again, the maximum amount of secured debt that a chapter 13 debtor may owe is $1,184,200. The Consent

Judgment awards damages of $1,273,754.71 against the Debtor, plus continuing interest, and that debt is fully secured by the Property, whose value exceeds $1.5 million. Moreover, the debt is the subject of a final judgment and is neither contingent nor unliquidated.

The claim of HSD, let alone any other creditor, renders the Debtor ineligible for chapter 13 relief. The Court should dismiss the case.

## II. HSD IS ENTITLED TO STAY RELIEF FROM THE AUTOMATIC AND CO-DEBTOR STAYS.

Assuming *arguendo* the Debtor is eligible for chapter 13 relief—which he is not—the HSD is entitled to stay relief against the Property.

### A. HSD is Entitled to Relief from the Automatic Stay.

Section 362 of the Code states that the filing of a bankruptcy petition operates as a stay, against all entities, of most collection activities against the debtor. *See* 11 U.S.C. § 362(a). However, § 362(d) provides that the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). A secured creditor "lacks adequate protection if the value of its collateral is declining as a result of the stay." *In re Elmira Litho, Inc. et al.*, 174 B.R. 892, 902 (Bankr. S.D. N.Y. 1994). Assuming the secured creditor can satisfy the initial burden of demonstrating that its collateral is declining in value, "the burden shifts to the debtor to go forward with evidence, and ultimately, to prove that the collateral is not declining in value, or that the secured party is adequately protected through periodic payments, an equity cushion, additional or replacement liens or good prospects for a successful reorganization." *Id.*

Upon information and belief, HSD is not adequately protected. The Debtor has no given no indication that he is willing and able to pay taxes and insurance on the Property, and unpaid

property taxes will prime HSD's security interest. HSD is entitled to relief from the automatic stay given the lack of adequate protection of its security interest.

**B. HSD is Entitled to Relief from the Co-Debtor Stay.**

In addition to the § 362 automatic stay, § 1301 triggers a stay of certain acts involving consumer debts owed by co-debtors. *See* 11 U.S.C. § 1301(a) ("…a creditor may not act, or commence or continue a civil actions, to collect all or any part of a consumer debt of the debtor from an individual that is liable on such debt with the debtor…"). Thus, continuance of the foreclosure suit may implicate the co-debtor stay as to Mrs. Kobryniec.

However, § 1301(c) provides that the Court "shall" grant relief from the co-debtor stay if, *inter alia*, the interest of the moving creditor "would be irreparably harmed by continuation of such stay." 11 U.S.C. § 1301(c)(3). For the reasons set forth in § A *supra*, HSD will be irreparably harmed by maintenance of the co-debtor stay as to Mrs. Kobryniec. The Debtor has no given no indication that he is willing and able to pay taxes and insurance on the Property, and unpaid property taxes will prime HSD's security interest. HSD is entitled to relief from the co-debtor stay given this dynamic.

WHEREFORE, HSD respectfully requests entry of an order (1) dismissing the case, (2) in the alternative, granting HSD relief from the automatic and co-debtor stays under 11 U.S.C. §§ 362 and 1301 to pursue any and all *in rem* remedies against the Property, (3) waiving the fourteen-day stay set forth in Fed. R. Bankr. P. 4001(a)(3), and (4) granting such other relief as is just and proper.

[Remainder of Page Intentionally Left Blank]

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing via CM/ECF to those parties registered to receive such notice in this case on March 20, 2019.

Respectfully submitted,

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for HSD Holdings, Inc.
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
pdorsey@slp.law

By: /s/ Bradley Shraiberg
Bradley S. Shraiberg
Florida Bar No. 121622
Patrick Dorsey
Florida Bar No. 0085841

# EXHIBIT A

**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK 12/11/2018 4:30:00 PM.****

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE18-007563 (11)

HSD HOLDINGS, INC., A Florida Corporation,

Plaintiff

vs.

LEONARDO KOBRYNIEC and SYLVIA KOBRYNIEC,

Defendants.

______________________________________/

Filed In Open Court
CLERK OF THE CIRCUIT COURT
ON DEC 11 2018
BY RONALD SMALL

J.b.S.

**CONSENT SUMMARY FINAL JUDGMENT IN FORECLOSURE**
**WITH ASSESSMENT OF ATTORNEY'S FEES AND COSTS**

THAT THIS ACTION was heard before the Court on December 11, 2018. Based on the evidence presented, after the counsel for the parties conferred, agreed, and have executed a Settlement Stipulation filed with the Court pertaining to this Consent Summary Final Judgment, and being otherwise fully informed in the premises,

IT IS ADJUDGED that:

1. The Plaintiff HSD HOLDINGS, INC., A Florida Corporation's Summary Final Judgment In Foreclosure with Assessment of Attorney's Fees and Costs is GRANTED, Service of Process been duly and regularly obtained over LEONARDO KOBRYNIEC and SYLVIA KOBRYNIEC, Defendants.

2. There is due and owing by the Obligor(s) to the Plaintiff:

| | |
|---|---|
| As unpaid principal of the indebtedness agreed to be paid in the mortgage herein foreclosed and the note secured thereby | $393,549.27 |
| Interest on said principal balance through December 11, 2018 | $609, 984.47 |
| Taxes | $99,024.27 |
| Prior Escrow Advances | $137,941.50 |

the mortgage, then the Plaintiff or its attorneys shall so certify to the Clerk of this Court, and the amount due to the Plaintiff shall be increased by the amount of such advances without further order of the Court

7. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the prevailing legal rate from this date to the date of the sale; and by retaining any remaining amount pending further Order of the Court.

8. On filing of the Certificate of Title, Defendants and all persons claiming under or against Defendants since the filing Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property. On filing of the Certificate of Sale, Defendants' right to redemption as prescribed by Florida Statues, Section 45.031 shall be terminated.

$27,319.20

9. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that the fee of ~~$26,329.20~~ was reasonably and appropriately expended by the Plaintiff's counsel. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED IT'S CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to <u>Florida's Patient's Compensation Fund v. Rowe</u>, 472 So. 2d 1145 (Fla. 1985).

10. Pursuant to Florida Statutes, Section 45.031:

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK OF THE COURT NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT AT 201 SE 6TH STREET, FORT LAUDERDALE, FL 33301, 954-712-7899 WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU TO MAKE SURE

18. Homeowner's Association. If the subject property is managed by an association, and purchaser takes title to said property as a result of this foreclosure action, purchaser shall be taking said property subject to Section 720.3085, Florida Statutes.

19. Mobile Home. If a mobile home sits on the property. The Division of Motor Vehicles of the Florida Department of Highway Safety and Motor Vehicles is hereby directed to issue new Florida Certificates of Title for the mobile home to the purchaser at the foreclosure sale.

20. Plaintiff shall comply with Title VII of s. 896, Pub. L. No. 111-22, 701-704 (2009), "Protecting Tenants at Foreclosure Act of 2009."

22. Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, writs of possession, amending amounts owed, and deficiency judgments.

ORDERED at Broward County, Florida on 12/11/18, 2018.

CIRCUIT COURT JUDGE

Publish in THE BROWARD DAILY BUSINESS REVIEW

**Copies to:**

GIOVANNI NICOSIA, ESQ.
COUNSEL FOR DEFENDANTS LEONARDO KOBRYNIEC AND SYLVIA KOBRYNIEC
4175 DAVIE ROAD, SUITE 110
DAVIE, FL 33314
SERVICE VIA E-MAIL: NICOSIALAW@GMAIL.COM
ADDITIONAL E-MAIL: Giovanni@supremeclosings.com

Jason Silver, FBN: [illegible]547
plaintiff's counsel

# EXHIBIT B



MARTY KIAR
BROWARD COUNTY
PROPERTY APPRAISER

| | |
|---|---|
| Site Address | **11203 NW 9 STREET, PLANTATION FL 33325-1521** |
| Property Owner | KOBRYNIEC,LEONARDO & SYLVIA |
| Mailing Address | 11203 NW 9 ST PLANTATION FL 33325-1521 |

| | |
|---|---|
| ID # | 4940 36 61 0010 |
| Millage | 2212 |
| Use | 01 |

| | |
|---|---|
| Abbr Legal Description | THE POLO CLUB ESTATES 163-7 B LOT 1 |

**The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).**

**Property Assessment Values**

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2019 | $236,500 | $1,272,460 | $1,508,960 | $1,177,010 | |
| 2018 | $236,500 | $1,211,700 | $1,448,200 | $1,155,070 | $23,177.39 |
| 2017 | $205,650 | $1,001,670 | $1,207,320 | $1,131,320 | $22,921.46 |

**2019 Exemptions and Taxable Values by Taxing Authority**

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| Just Value | $1,508,960 | $1,508,960 | $1,508,960 | $1,508,960 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH 07 | $1,177,010 | $1,177,010 | $1,177,010 | $1,177,010 |
| Homestead 100% | $25,000 | $25,000 | $25,000 | $25,000 |
| Add. Homestead | $25,000 | 0 | $25,000 | $25,000 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $1,127,010 | $1,152,010 | $1,127,010 | $1,127,010 |

**Sales History**

| Date | Type | Price | Book/Page or CIN |
|---|---|---|---|
| 6/22/1999 | WD | $82,500 | **29775 / 116** |
| 6/1/1995 | WD* | $195,000 | **23709 / 115** |
| | | | |
| | | | |
| | | | |

* Denotes Multi-Parcel Sale (See Deed)

**Land Calculations**

| Price | Factor | Type |
|---|---|---|
| $5.75 | 41,130 | SF |
| | | |
| | | |
| | | |
| Adj. Bldg. S.F. (Card, Sketch) | | 5786 |
| Units | | 1 |
| Eff./Act. Year Built: 2006/2005 | | |

**Special Assessments**

| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
|---|---|---|---|---|---|---|---|---|
| | | | | D | | PL | | |
| | | | | D | | | | |
| | | | | .94 | | | | |